IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIMBERLY LETKE | * | |
|    Plaintiff, | * | |
|       v. | * | Civil Action No. RDB-12-3799 |
| WELLS FARGO HOME MORTGAGE, INC., JOHN STUMPF, and ADAM VELDE | * * | |
|    Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Kimberly Letke, proceeding *pro se*, brings this action against Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), John Stumpf ("Stumpf"), and Adam Velde ("Velde") alleging sex and national origin discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* By a consolidated motion (ECF No. 7), Defendants Stumpf and Velde moved to dismiss the Complaint, while Defendant Wells Fargo moved for a more definite statement. The Court has reviewed the parties' submissions and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion for More Definite Statement and Motion to Dismiss (ECF No. 7) is GRANTED; this action is DISMISSED as to the Defendants Stumpf and Velde; and the Plaintiff Letke must provide a more definite statement of her claims against Wells Fargo, stylized as an "Amended Complaint," within the next thirty (30) days.

1

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff Kimberly Letke filed this action *pro se* against Defendants Wells Fargo Home Mortgage ("Wells Fargo"), John Stumpf ("Stumpf"), and Adam Velde ("Velde") on December 27, 2012. *See generally* Compl., Dec. 27, 2012, ECF No. 1. Plaintiff is a single woman living in Baltimore City. Compl. ¶ 3. Plaintiff claims that Defendants engaged in sex and national origin discrimination when Wells Fargo denied her application for a residential home loan modification. Compl. ¶¶ 1-3. Plaintiff seeks relief under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the Equal Credit Opportunity Act, 16 U.S.C. 1691 *et seq.*

The allegations in the Complaint indicate that Wells Fargo had a pre-existing subprime home loan with the Plaintiff. Compl. ¶¶ 1-8. In 2012, Plaintiff requested a home loan modification, but after months of transmitting documents, making payments, and contacting Wells Fargo, Plaintiff was denied a home loan modification. Compl. ¶¶ 4-18. Throughout this process, Velde served as an "Executive Mortgage Specialist." Compl. ¶ 7. The Complaint does not identify Stumpf or otherwise explain his involvement in this case.

On March 25, 2013, Defendants filed the pending Motion for More Definite Statement and Motion to Dismiss (ECF No. 7). Plaintiff subsequently filed two papers: (1) a "Response from Kimberly Letke April 4, 2013" (ECF No. 10), filed with the Court on April 5, 2013; and (2)

a "Motion to Move Forward to a Jury Trial: Response to Motion to Dismiss from Kimberly Letke April 4, 2013" (ECF No. 12)—which, despite the paper's title, was not filed with this Court until April 16, 2013. Both papers contain a variety of new factual allegations. On May 3, 2013, Defendants filed their Reply (ECF No. 15).

STANDARD OF REVIEW

**I. Motion to Dismiss Pursuant to Rule 12(b)(6).**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (recognizing no *pro se* exception to the requirement to plead a "plausible claim for relief"); *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010) (unpublished) ("We must dismiss *pro se* complaints that are frivolous or fail to state a claim."). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Social Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

**II. Motion for a More Definite Statement Pursuant to Rule 12(e).**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleader to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a claim or defense. *Twombly,* 550 U.S. at 545. When a party has not complied with the requirements of Rule 8, the opposing party may file a Motion for a More Definite Statement under Rule 12(e). FED. R. CIV. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.") Moreover, in the context of *pro se* litigants, the pleadings are to be "liberally construed" and held to less stringent standards. *Erickson*, 551 U.S. at 94.

## ANALYSIS

**I.    Legal Framework**

**A.  Fair Housing Act**

The Fair Housing Act provides a right of action for private citizens against those who discriminate against them in the housing market. *See* 42 U.S.C. § 3613(a). Under the Act, it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin."[1] 42 U.S.C. § 3605(a). In order to present a prima facie case, "[p]laintiffs must allege that they were discriminated against within the

---
[1] A "residential real estate-related transaction" includes "[t]he making or purchasing of loans or providing other financial assistance (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate." 42 U.S.C. § 3605(b)(1).

5

meaning of the FHA by showing: 1) discriminatory intent; or 2) discriminatory impact."[2]

*Robinson v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty., MD*, No. RDB-07-1903, 2008 WL 2484936, at *9 (D. Md. June 19, 2008) (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984)).

In making the case, a plaintiff may either offer direct evidence of discrimination or invoke the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *See Pinchback v. Armistead Homes Corp.,* 907 F.2d 1447, 1451 (4th Cir.1990) (applying *McDonnell–Douglas* employment discrimination concepts to fair housing law). In this context, "[d]irect evidence encompasses conduct or statements that both (1) reflect directly the alleged discriminatory attitude, and (2) bear directly on the contested [housing] decision." *Laing v. Fed. Express Corp.,* 703 F.3d 713, 717 (4th Cir.2013) (quoting *Warch v. Ohio Cas. Ins. Co.,* 435 F.3d 510, 520 (4th Cir.2006)) (internal quotation marks omitted); *see also Martin v. Brondum*, 12-2119, 2013 WL 3814949, *1 (4th Cir. July 24, 2013) (same).

Under the *McDonnell-Douglas* burden-shifting framework, the procedures in a discriminatory intent case differ from those in a discriminatory impact case:

> For intentional discrimination claims, plaintiffs must show that the discriminatory animus was a motivating factor, but they do not have to show that it was the primary or dominant purpose. *Smith & Lee Assocs., Inc. v. City of Taylor,* 102 F.3d 781, 790 (6th Cir.1996). Once the plaintiff shows that the action was based, at least in part, on discriminatory animus, the burden shifts to defendants to show a legitimate nondiscriminatory reason for their actions, *McDonnell Douglas v. Green,* 411 U.S. 792, 802–805, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). If defendants are able to make a prima facie showing of a legitimate, nondiscriminatory reason, the burden returns to plaintiff to demonstrate that the reason was a pretext. *See id.*

---

[2] A discriminatory or disparate-impact claim challenges a facially neutral policy that actually or predictably results in discrimination. *Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346, 363 (E.D. Va. 2011) (citing *Reinhart v. Lincoln County*, 482 F.3d 1225, 1229 (10th Cir.2007)).

*Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346, 362 (E.D. Va. 2011). Meanwhile, in discriminatory impact cases, the following showings must be made:

> To establish a prima facie case of disparate impact discrimination, plaintiffs must show that a specific policy caused a significant disparate effect on a protected group. To do this, they must identify the problematic neutral practice at issue and adduce statistical evidence demonstrating the disparate impact caused by the practice. *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In making this showing, plaintiffs are required to prove only that a given policy had a discriminatory impact on them as individuals. *Betsey,* 736 F.2d at 987. Thus, to determine whether plaintiffs have met their burden, "[t]he correct inquiry is whether the policy in question had a disproportionate impact on the minorities in the total group to which the policy was applied." *Id.*

*Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346, 363 (E.D. Va. 2011). After a plaintiff makes this initial showing, the burden shifts to the defendant, who must "prove a business necessity sufficiently compelling to justify the challenged practice." *Betsey*, 736 F.2d at 988.

### B. Equal Credit Opportunity Act

The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The *McDonnell Douglas* framework (outlined above) is applicable in this context as well. *See Faulkner v. Glickman*, 172 F. Supp. 2d 732, 737 (D. Md. 2001) ("As applied in an ECOA case, the *McDonnell Douglas* formulation requires that the plaintiff make out a prima facie case of discrimination by offering evidence indicating: (1) that the plaintiff belongs to a class protected by the statute; (2) that he applied for credit for which he was qualified; and (3) that he was rejected despite his qualifications.").

**II.     Motion to Dismiss Pursuant to Rule 12(b)(6).**

In this case, the Plaintiff Letke fails to state a claim for sex and national origin discrimination against Defendants Stumpf and Velde. Plaintiff makes no factual allegations against Stumpf or Velde that create a right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (explaining that to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true"). Plaintiff's sole allegation with respect to Velde is that he "knew he was leading [Plaintiff] down a path of Foreclosure." Compl. ¶ 7. She makes no allegation whatsoever concerning Stumpf, although she argues that Stumpf is liable as the CEO of Wells Fargo in her responsive papers. Pl.'s Opp'n. ¶ 2, ECF No. 10. Accordingly, because Plaintiff has failed to make factual allegations sufficient to support a claim for gender and national origin discrimination, Plaintiff has failed to state a claim for which relief may be granted with respect to Stumpf and Velde.[3]

Moreover, Plaintiff's claim fails as a matter of law with respect to Stumpf. Corporate officers are not generally individually liable for the discriminatory acts of the corporation's employees under the Fair Housing Act. *Meyer v. Holley*, 537 U.S. 280, 285-86 (2003). Thus, Plaintiff's Complaint fails to state a plausible claim for sex and national origin discrimination against Defendant Stumpf as a matter of law.[4]

---

[3] To the extent that Plaintiff includes additional factual allegations in her responsive papers, those allegations are insufficient to insulate her Complaint from dismissal. *Redding v. Ameriprise Auto & Home Ins.*, No. DKC-11-3141, 2012 WL 1268327, at *4 n.6 (D. Md. Apr. 13, 2012) ("[I]t is axiomatic . . . that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107) (7th Cir. 1984)).

[4] In Plaintiff's "Response from Kimberly Letke April 4, 2013" (ECF No. 10), she alleges that Defendants Stumpf "receive compensation" stemming from loan modifications. *See* Pl.'s Resp. ¶ 14, ECF No. 10.

### III. Motion for a More Definite Statement Pursuant to Rule 12(e).

Plaintiff alleges that Wells Fargo refused to provide her with a loan modification, thereby discriminating against her. Compl. ¶ 3, ECF No. 1. However, Plaintiff fails to provide sufficient detail to allow defendant Wells Fargo to respond to the Complaint. *Cf. Hodgson v. Virginia Baptist Hospital Inc.*, 482 F.2d 821, 823 (4th Cir. 1973) (stating that plaintiff satisfied Rule 12(e) because "[t]he complaint stated the jurisdictional grounds for the claim, described the nature of the violations, specified the period of time in which [the violations] occurred, and notified [the defendant] of the relief they sought"); *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (reasoning that plaintiff's complaint was sufficient because it "identified the particular events giving rise to her claim and alleged that she was treated less favorably than other loan applicants").[5]

Plaintiff nakedly alleges that she did not receive the loan modification because she was a woman living in Baltimore City. Compl. at ¶ 3. In particular, Plaintiff alleges that she and Wells Fargo exchanged documents, but Wells Fargo deemed her documents insufficient and instructed her to pay off her second mortgage before it would extend a loan modification to her. Compl. ¶¶ 4-10. She claims that this is evidence of discrimination based on her sex and national origin.

---

Even if these allegations had been contained in the Complaint, they are insufficient to state a claim in light of the general construction of vicarious liability under the Fair Housing Act and *Meyer*.

[5] In *Boykin*, the plaintiff's complaint was sufficient because she alleged that she was an African-American woman living in an African-American neighborhood; that she had satisfied all of the credit requirements; that similarly situated non-minority applicants received a loan; and that the bank refused to extend its counseling and guidance services that it offers to non-minority loan applicants after denying their loans. 521 F.3d. at 214-15.

However, Plaintiff's Complaint lacks several important details. Plaintiff never specified the address of her home.[6] In addition, Plaintiff never alleges her national origin. Moreover, there are no allegations pertaining to Wells Fargo allegedly giving preferential treatment to non-minority or male applicants. *See Boykin*, 521 F.3d at 214-15 (explaining that plaintiff's complaint was plausible because she alleged that other similarly situated non-minority applicants received a loan, while plaintiff, a black female, did not).

In light of these deficiencies, Plaintiff has thirty (30) days to provide a more definite statement of her complaint against Wells Fargo, containing plausible factual allegations supporting her claim for sex and national origin discrimination. Specifically, Plaintiff should allege facts demonstrating how Wells Fargo treated her differently in comparison with similarly situated loan modification applicants. Plaintiff should also allege her specific national origin and the factual details related to her mortgage, her loan modification application, and Wells Fargo's denial. In order to avoid confusion and simplify matters moving forward, Plaintiff should provide this more definite statement in the form of an Amended Complaint. *See Shallal v. Gates*, 254 F.R.D. 140, 142 & n.4 (D.D.C. 2008) (noting that, although an amended pleading is not "explicitly require[d]" by Rule 12(e), "a unitary pleading capable of standing alone is preferable to two [or more] separate documents." (quotation marks and citations omitted)).

## CONCLUSION

For the reasons stated above, Wells Fargo Home Mortgage' Motion for a More Definite Statement (ECF No. 7) is GRANTED. The Motion to Dismiss filed by Defendants John Stumpf and Adam Velde (ECF No. 7) is GRANTED as well and those claims are DISMISSED. Plaintiff has thirty (30) days to file a more definite statement of her claims against Defendant Wells Fargo

---

[6] This omission is all the more important as Plaintiff's current mailing address is in the town of Joppa, Maryland rather than in Baltimore City.

Home Mortgage, stylized as an "Amended Complaint," addressing the issues noted above. Failure to comply with this thirty day deadline will result in the dismissal of Plaintiff's action.

A separate Order follows.

Dated: November 27, 2013          /s/
                                  Richard D. Bennett
                                  United States District Judge