IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIMBERLY LETKE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-3799 |
| WELLS FARGO HOME MORTGAGE, INC., JOHN STUMPF, and ADAM VELDE | * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

The above-captioned case was filed by *pro se* Plaintiff Kimberly Letke against Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), John Stumpf ("Stumpf"), and Adam Velde ("Velde") alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* On November 27, 2013, this Court entered its Memorandum Opinion (ECF No. 19) and Order (ECF No. 20) granting Defendants' Motion for a More Definite Statement and Motion to Dismiss as to Defendants Stumpf and Velde (ECF No. 7). Now pending before this Court is Plaintiff's Motion to Reconsider Senior Executive Officers of Wells Fargo (ECF No. 24), specifically the dismissal of the case against the individual Defendants John Stumpf and Adam Velde.[1] For the reasons stated herein, the Plaintiff's Motion is DENIED.

---

[1] Plaintiff has not indicated whether she filed her Motion to Reconsider pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. However, this Court will consider Plaintiff's arguments under both 59(e) and 60(b).

BACKGROUND

Plaintiff brought this suit against the above-captioned Defendants alleging that Defendants engaged in sex and national origin discrimination when Wells Fargo denied her application for a residential home loan modification in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq. See generally* Compl., Dec. 27, 2012, ECF No. 1. The Complaint asserts that Wells Fargo had a pre-existing subprime home loan with the Plaintiff. Compl. ¶¶ 1-8. However, in 2012, Plaintiff's request for a home loan modification was denied after months of transmitting documents, making payments, and contacting Wells Fargo. Compl. ¶¶ 4-18. Throughout this process, Velde served as an "Executive Mortgage Specialist." Compl. ¶ 7. The Complaint failed to identify Stumpf or otherwise explain his involvement in this case. *See* Mem. Op. at 8, ECF No. 19.

This Court subsequently granted Defendants' Motion for a More Definite Statement and Motion to Dismiss (ECF No. 7) and removed Defendants Stumpf and Velde from this action.[2] This Court found that Plaintiff's bald allegation that Wells Fargo denied her application for a loan modification because she was a female residing in Baltimore City was insufficient in detail to allow Wells Fargo to respond. Mem. Op. at 9, ECF No. 19. This Court also noted that, because Plaintiff failed to make factual allegations sufficient to support her claim for gender and national origin discrimination against Defendants Stumpf and Velde, the Complaint failed to state a claim for which relief may be granted. On January

---

[2] An Amended Complaint was filed against Defendant Wells Fargo Home Mortgage, per the Court's Order (ECF No. 20), on December 27, 2013, but contrary to that Order the *pro se* Plaintiff named Stumpf and Velde as Defendants.

17, 2014, Plaintiff filed the presently pending Motion for Reconsideration. ECF No. 24.[3]

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. As explained by this Court in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Here, Plaintiff has failed to indicate whether her motion, filed on January 17, 2014, is pursuant to Rule 59(e) or 60(b). Although Plaintiff's motion was filed more than twenty-eight (28) days after the entry of judgment and is therefore untimely under Rule 59(e), this Court will nonetheless consider Plaintiff's arguments under both Rules 59(e) and 60(b).

**A.     Rule 59(e)**

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*,

---

[3] The Defendants have not filed a response to Plaintiff's Motion for Reconsideration. However, no response is necessary as the Motion is denied.

3

*Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

**B.     Rule 60(b)**

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief

from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

ANALYSIS

Plaintiff has not met the high bar she faces to succeed on her Motion for Reconsideration. Plaintiff has failed to identify an intervening change in controlling law since the entry of this Court's Memorandum Opinion and Order, nor has this Court been able to identify any such change. Plaintiff has brought no new evidence, previously unavailable, to light. Furthermore, there is no indication whatsoever that there has been a clear error of law or manifest injustice committed. To the extent that Plaintiff makes new arguments in her Motion for Reconsideration, they are arguments that were available to her and should have been raised previously. Further, the Plaintiff presents no viable reason why these new arguments were not made prior to this Court's entry of its Order.

Irrespective of the aforementioned defects, this Court is unable to discern any argument in Plaintiff's Motion that would warrant a different result. Plaintiff's Motion, similar to the Complaint, fails to make factual allegations sufficient to support any claim against Defendants Stumpf and Velde. The Motion cursorily avers that Defendant Stumpf knew of "deceptive and fraud[ulent]" business practices committed by Wells Fargo

employees—namely the intentional failure to "process loan modifications in a timely manner." Pl.'s Mot. to Reconsider at 2-3, ¶¶ 12, 15, ECF No. 24. However, there is no mention of discrimination or facts giving rise to some discriminatory practice committed against the Plaintiff. Nor is there any support for the contention that Defendant Stumpf had any knowledge of the alleged business practices—the Plaintiff merely relies on Stumpf's status as CEO. *See id.* at 2, ¶ 6 (noting that "CEO Executive John C[.] Stumpf the top manager . . . is directly responsible for the direction of Wells Fargo"). Moreover, the Motion makes no assertions against Defendant Velde.[4] In other words, the Motion baldly asserts that some deceptive and fraudulent business practices occurred without explaining how these practices relate to the claims brought by Plaintiff or how Defendants Stumpf and Velde are implicated. *See Hoskins v. Napolitano*, RDB-12-0639 at *3 (Dec. 10, 2012) (denying motion for reconsideration where Plaintiff failed to produce "any evidence that would tend to prove [] fraud, . . . [only] unsupported allegations that he is certain it must have occurred").

In sum, even under the most liberal reading of the *pro se* Plaintiff's Motion, no grounds exists to warrant reconsideration of this Court's November 27, 2013 Order under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.

---

[4] The Motion only notes that in response to a consumer complaint allegedly filed by Plaintiff, "the executive team had assigned a senior executive account manager[,] Adam Velde." *Id.* at 2, ¶ 10. The Motion also states that "Velde is not a top 1-5 executive." *Id.* at 2, ¶ 11. Indeed, the Motion does not even request that Velde be added, but instead requests that "Stumpf and the 1-5 executives" be added to the suit. *Id.* at 3, ¶ 16.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion fails to satisfy the requirements of Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is this 24th day of March, 2014 ORDERED that:

1. Plaintiff's Motion for Reconsideration (ECF No. 24) is DENIED;

2. The Clerk of the Court transmit copies of this Memorandum Opinion and Order to the Plaintiff and counsel.

3. The Clerk of the Court re-caption this Case as Kimberly Letke, Plaintiff, v. Wells Fargo Homes Mortgage, Inc., Defendant.

_____/s/_____
Richard D. Bennett
United States District Judge